# United States District Court
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:24-CR-0138-S |
| | § | |
| MARCO PRISTER (1) | § | |

## ORDER

This Order addresses Defendant's Unopposed Motion for Psychiatric and/or Psychological Examination ("Motion") [ECF No. 17], pursuant to 18 U.S.C. §§ 4241 and 4247. Having reviewed the Motion and the applicable law, the Court **GRANTS** the Motion.

Section 4241(b) of Title 18 of the United States Code permits the Court, prior to any hearing, to order a psychiatric or psychological competency examination "pursuant to the provisions of section 4247(b) and (c)." Section 4247(b) states that the Court *may* commit the person to be examined to the custody of the Attorney General for placement in a suitable facility. But the Court is not aware of any authority that *requires* a court to place a person in custody for the mere purpose of a competency evaluation.

The statute's use of the permissive word "may" indicates that the examinations can take place on an outpatient basis. *In re Newchurch*, 807 F.2d 404, 410, n.22 (5th Cir. 1986) ("For purpose of the examination, the court is empowered to commit the defendant . . . to the custody of the Attorney General . . . If, however, the court believes that the defendant's examination can be conducted on an outpatient basis, there need not be a commitment under this provision." (quoting S. Rep. No. 225, 98th Cong., 2d Sess. 235, *reprinted in* 1984 U.S.C.C.A.N. 3417)). As such, incarceration for a mental health examination should not be imposed unless it is demonstrably necessary. *See United States v. Neal*, 679 F.3d 737, 741 (8th Cir. 2012); *Newchurch*, 807 F.2d at 411.

There is no reason apparent in the record that justifies commitment, nor is there any evidence that an outpatient evaluation would prejudice the Government. Accordingly, an outpatient examination is the appropriate procedure under the circumstances to conduct a competency evaluation.

It is, therefore, **ORDERED** that Defendant will submit to a competency evaluation by an expert agreed upon by the parties, who will prepare and file with the Court, with copies to Defendant's counsel and the United States Attorney, a report which shall include:

(1) Defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings;

(4) the examiner's opinions as to diagnosis and prognosis; and

(5) whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist in his defense.

18 U.S.C. § 4247(c). The Department of Justice shall pay the expert's fees and expenses.

**SO ORDERED.**

SIGNED May 30, 2024.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**